United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                  Hon. David M. Lawson

v.

                                  Case No. 2:22-cr-20022

Colin Harris,

        Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Colin Harris, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**    **Counts of Conviction**

The defendant will waive his right to an indictment and plead guilty to Count 1 and Count 2 of the First Superseding Information. Count 1 charges the defendant with Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1). Count 2 charges the defendant with Aggravated Identity Theft under 18 U.S.C. § 1028A(a)(1).

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Maximum: 10 years |
|---------|----------------------|-------------------|
|         | Fine: | Maximum: $250,000 |
|         | Term of supervised release: | Maximum: 3 years |
| Count 2 | Term of imprisonment: | 2 years mandatory, consecutive |
|         | Fine: | Maximum: $250,000 |
|         | Term of supervised release: | Maximum: 1 year |

The defendant understands that Count 2 requires a mandatory sentence of 2 years of imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

The defendant further understands that his sentence of imprisonment on Count 2 *must* run consecutively to his sentence of imprisonment on any other count of conviction.

**3.     Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional Wire Fraud charges under 18 U.S.C. § 1343 against the defendant in connection with the defendant's conduct described in the Factual Basis (outlined below).

**4.     Elements of Counts of Conviction**

The elements of <u>Count 1</u> are:

1. That the defendant has been convicted of a crime punishable by imprisonment for more than one year.

2. That the defendant, following his conviction, knowingly possessed the firearm specified in the First Superseding Information.

3. That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.

4. That the specified firearm crossed a state line prior to the alleged possession.

The elements of <u>Count 2</u> are:

1. That the defendant committed wire fraud, in violation of 18 U.S.C. § 1343, which is a felony violation listed in 18 U.S.C. § 1028A.

2. That the defendant knowingly possessed or used a means of identification of another person without lawful authority.

3. That the defendant knew the means of identification belonged to another person.

4. That the possession or use was during and in relation to the commission of the wire fraud.

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty pleas:

A.    <u>**Count 1: Felon in Possession of a Firearm**</u>

On October 19, 2021, defendant, Colin Harris, was arrested during a traffic stop in Detroit, Michigan. Officers searched the car and located a Glock 26, 9mm pistol, with serial number AAEL196, which was previously reported stolen on February 6, 2021 in Oakland County. The pistol was located in an obscured compartment adjacent to the center console, in an area Harris was seen reaching during the traffic stop.

Harris knowingly possessed this firearm, which was manufactured outside the state of Michigan and thus had crossed a state line and traveled in interstate commerce prior to his possession of them.

Prior to October 19, 2021, Harris had been convicted of at least one crime punishable by imprisonment for more than one year, and he

knew of his status as a convicted felon when he possessed the firearm on October 19, 2021.

**B.    Count 2: Aggravated Identity Theft**

During the search of Harris's car, officers also located an Illinois driver's license with Harris's picture but victim D.M.'s name and four bank cards. One bank card was in victim D.M.'s name and the other three were in different names. D.M. is an actual person and the identification and bank cards are means of identification.

Prior to the seizure of D.M.'s identification, Harris, intending to defraud, knowingly used D.M.'s identification during and in relation to his commission of wire fraud, in violation of 18 U.S.C. § 1343. Specifically, Harris with the intent to defraud, knowingly devised and executed a scheme to defraud in order to deprive another of money and property by means of materially false and fraudulent representations. The purpose of the scheme to defraud was for Harris to unlawfully obtain state and federal unemployment insurance (UI) benefit money. In executing this scheme, Harris transmitted and caused the transmission of writings, signals, and sounds by means of wire, radio, or television communication in interstate commerce.

Harris used D.M.s identification to submit a fraudulent UI claim to the state of Nevada. The claim was processed, and UI funds were wired to an account in D.M.'s name that Harris controlled.

## 6. Advice of Rights

The defendant has read the First Superseding Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.  The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.  The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the
defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to
have the jury informed that it may not treat that choice as
evidence of guilt;

H.     The right to present evidence or not to present evidence at
trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that his convictions here may carry
additional consequences under federal or state law. The defendant
understands that, if he is not a United States citizen, his convictions
here may require him to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.
The defendant further understands that the additional consequences of
his convictions here may include, but are not limited to, adverse effects
on the defendant's immigration status, naturalized citizenship, right to
vote, right to carry a firearm, right to serve on a jury, and ability to hold
certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false

statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### D.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B or 8.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B or 8.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the top of the defendant's guideline range for

Count 1 as determined by the Court. The Court *must* impose a sentence of two years on Count 2 consecutively to any sentence imposed on Count 1.

### 2. No Right to Withdraw

The government's recommendation as to Count 1 in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

## 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D.    Fines

There is no recommendation or agreement as to a fine.

## E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant

agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F. Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit all firearms and ammunition involved in the commission of his violations of 18 U.S.C. § 922(g)(1) as alleged in Count 1 of the First Superseding Information.

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, the defendant agrees to forfeit to the United States any and all

property which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1343, which is the predicate offense to his conviction for aggravated identity theft under 18 U.S.C. § 1028A.

The defendant also agrees, pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461, to the entry of a personal forfeiture money judgment against him in favor of the United States in an amount to be determined by the Court at the sentencing hearing, which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. §§ 1028A and 1343.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to complete and return a Financial Disclosure Form within three weeks of receiving it from government

counsel, which may be used in any lawful manner to collect the money judgment amount and/or restitution, and which may be disclosed to any agencies or personnel of the government for that purpose. The financial statement shall disclose and list all assets, funds, and property of any kind in which the defendant has an interest, all liens and encumbrances against such assets, funds and property, and all of the defendant's liabilities. The financial statement must be signed by the defendant under penalty of perjury.

The defendant will cooperate with the government as requested by the government in connection with the government's efforts to identify, locate, seize, and forfeit property that is subject to forfeiture under this agreement. The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, property that is forfeitable to the United States under this agreement and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant

will provide the government with the name and address of the person or entity that has an interest in, and/or possession of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

The defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees to sign such order(s), indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order(s) will become final as to him at the time entered by the Court.

In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenge or other challenge to the above-described

forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant expressly waives his right to have any determination regarding the forfeitability of the property referenced above whether by judge or by a jury under Federal Rule of Criminal Procedure Rule 32.2. The defendant further waives the requirements of Rule 32.2 regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his convictions on any grounds. If the defendant's combined sentence of

imprisonment on Count 1 and Count 2 does not exceed the top of the combined guideline range for those two counts as determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's convictions or sentences under this agreement are vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty pleas or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.   Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty pleas for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty pleas, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.  Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15.  Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 3:00 p.m. on June 15, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____         _____
Craig Wininger                     Andrew Picek
Chief, Violent & Organized         Assistant United States
Crime Unit                         Attorney
Assistant United States
Attorney

Dated: June 15, 2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____            _____
David Cripps                                Colin Harris
Attorney for Defendant                      Defendant

Dated: 6 · 15 · 22